MICHAEL J. RICHARDSON AND ANNA MARGARET RICHARDSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Richardson v. Commissioner
Docket No. 29216-88
United States Tax Court
T.C. Memo 1990-216; 1990 Tax Ct. Memo LEXIS 235; 59 T.C.M. (CCH) 491; T.C.M. (RIA) 90216; April 26, 1990, Filed *235 Decision will be entered under Rule 155. Michael J. Richardson and Anna Richardson, pro se. Chalmers W. Poston, Jr., for the respondent. COHEN, Judge. COHEN
*706 MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency of $ 12,661 in petitioners' Federal income taxes for 1984 and additions to tax of $ 3,188 under section 6651(a)(1) and $ 2,177 under section 6661. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for *236 the year in issue. The deficiency resulted from disallowance of certain deductions claimed on Schedules A and C of petitioners' Form 1040, Individual Income Tax Return, and respondent's determination that the return was not filed timely. After concessions, car and truck expenses, consultation expense, and medical expenses remain in dispute. FINDINGS OF FACT Petitioners were residents of Maryland at the time they filed their petition. Their 1984 Federal income tax return was received by the Internal Revenue Service on January 27, 1987. During 1984, petitioner Michael J. Richardson (Mr. Richardson) was an attorney at law. Petitioner Anna M. Richardson (Mrs. Richardson) was a clinical social worker licensed by the State of Maryland. Petitioners resided in Gaitherburg, Maryland, during 1984. At the beginning of 1984, Mrs. Richardson was working part-time at the Psychiatric Institute of Montgomery County in the chemical dependency unit. For approximately 2 months in 1984, she engaged in a private practice with another person in Kensington, Maryland. On Schedule A of petitioners' tax return, they claimed medical expenses of $ 5,562, contributions of $ 1,540, and interest *237 expenses of $ 5,989. Subsequently, they substantiated to the satisfaction of the Internal Revenue Service all of the Schedule A expenses except $ 149 in medical expenses claimed. On a Schedule C for Mr. Richardson's practice of law, petitioners claimed, among other things, car and truck expenses, depreciation, salaries, casual labor, and interest expense. Prior to trial, the depreciation, salaries, and interest expense were substantiated to the satisfaction of the Internal Revenue Service. On a Schedule C for Mrs. Richardson's social work, petitioners claimed, among other things, deductions of $ 2,402.80 for car and truck expenses, $ 950 for consultation, and depreciation. Prior to trial, petitioners substantiated the depreciation expense to the satisfaction of the Internal Revenue Service. OPINION Only Mrs. Richardson testified at trial. With respect to the balance of $ 149 in unsubstantiated medical expenses, she testified that she "assumed" the balance to be over-the-counter medical expenses. She testified that $ 950 was a *707 consulting fee paid by check to Louisa Schultz. She did not, however, produce the canceled check, a paid bill, or any other substantiation. *238 With respect to her transportation expenses of $ 2,402.80, she stated that she had "no idea" of how the amount was calculated. Mrs. Richardson testified that she resided in Gaithersburg and worked in Kensington for approximately 2 months in 1984. She drove a vehicle to her own personal therapy and to attend Alcoholics Anonymous meetings for herself. She also testified that the consultation fee in dispute was paid to a certified alcoholism counselor. Petitioners have the burden of proving that respondent's determination is erroneous, particularly with respect to deductions. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934); Rule 142(a), Tax Court Rules of Practice and Procedure. Mrs. Richardson's testimony was inadequate to satisfy her burden of proof. The amount claimed for transportation seems large in view of the locale and duration of Mrs. Richardson's activities. Records substantiating the consultation expense should have been available. There is not enough evidence in this record to negate the inference that some, if not all, of these items were paid for nondeductible personal purposes rather than deductible business expenses. Petitioners have *239 not presented any evidence that would negate the applicability of the additions to tax. To reflect the foregoing and concessions by the parties, Decision will be entered under Rule 155.